UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:  Case No. 8:09-bk-13681-CED
 Chapter 11
SOUTHERN ROAD BUILDERS
OF POLK COUNTY, INC.

      Debtor.
_____/

# PLAN OF REORGANIZATION FOR
## SOUTHERN ROAD BUILDERS OF POLK COUNTY, INC.

Richard J. McIntyre, Esquire
McIntyre, Panzarella, Thanasides,
   Eleff & Hoffman, P.L.
6943 E. Fowler Avenue
Tampa, Florida 33617

August 11, 2009

# ARTICLE I
# SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the United States Bankruptcy Code (the "Code") proposes to value the claims of secured creditors holding liens against assets of Southern Road Builders of Polk County, Inc. (the "Debtor") pursuant to 11 U.S.C. §502, bifurcate such allowed claims into secured and unsecured claims, and thereafter pay allowed claims pursuant to the terms herein out of cash on hand, cash flow from operations, future income, and contributions from equity security holders.

This Plan provides for classes of secured claims; classes of unsecured claims; and classes of equity security holders. After the Effective Date, secured creditors holding allowed claims will be paid the full value of their allowed claim, together with five percent (5%) interest amortized over sixty (60) months. After the Effective Date, unsecured creditors holding allowed claims will be paid ten percent (10%) of the total value of their allowed claim amortized over sixty (60) months. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles **III** through **V** of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

*Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.*

# ARTICLE II
# CLASSIFICATION OF CLAIMS AND INTERESTS

| | | | |
|---|---|---|---|
| 2.01 | Class 1. | All allowed claims entitled to priority under § 507 of the Code |
| 2.02 | Class 2. | Wachovia Bank, National Association – Secured portion of claim, if any |
| 2.03 | Class 3. | Wachovia SBA Lending, Inc. – Secured portion of claim |
| 2.04 | Class 4A. | Caterpillar Financial Services - Secured portion of claim (303.5 Mini-Excavator) |
| 2.05 | Class 4B. | Caterpillar Financial Services – Surrendering Equipment in full 924-G Wheel Loader satisfaction of the secured Claim |
| 2.06 | Class 5. | Financial Federal Credit – Secured portion of claim |

2.07   Class 6.         Trimble Financial Services – Secured portion of claim

2.07   Class 7.         GMAC – Secured portion of claim

2.08   Class 8.         John Deere Credit – Secured portion of claim

2.09   Class 9.         Mericap Credit Corporation – Surrendering Equipment in full satisfaction of the secured claim.

2.10   Class 10.        Kevin Roggen, Sr. – Secured portion of claim, if any

2.11   Class 11.        General Unsecured Creditors

2.12   Class 12.        Equity interests Holders of the Debtor.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, PRIORITY TAX CLAIMS, and U.S. TRUSTEE FEES

3.01   Administrative Expense Claims. The Debtor anticipates that it will have an administrative expense claim totaling approximately $30,000.00 for Debtor's Attorneys' fees upon the Effective Date of the Plan.

3.02   Priority Tax Claims. No priority tax claims exist in this case.

3.03   United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01   Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority | Not Applicable | Any such claims shall be paid on or before the Effective Date of the Plan. |

| | | |
|---|---|---|
| Class 2 – Secured Claim of Wachovia Bank National Association | Impaired | Shall be paid the total value of their allowed secured claim, together with five percent (5%) interest, amortized over sixty (60) months |
| Class 3 – Secured Claim of Wachovia SBA Lending, Inc. | Impaired | Shall be paid the total value of their allowed secured claim, together with five percent (5%) interest, amortized over sixty (60) months |
| Class 4A- Secured Claim of Caterpillar Financial Services on the 303.5 Mini Excavator | Impaired | Shall be paid the total value of their allowed secured claim, together with five percent (5%) interest, amortized over sixty (60) months |
| Class 4B- Secured Claim of Caterpillar Financial Services on the 924-G Wheel Loader | Impaired | Surrender Equipment in full satisfaction of the claim |
| Class 5 – Secured Claim of Financial Federal Credit | Impaired | Shall be paid the total value of their allowed secured claim, together with five percent (5%) interest, amortized over sixty (60) months |
| Class 6 – Trimble Financial Services | Impaired | Shall be paid the total value of their allowed secured claim, together with five percent (5%) interest, amortized over sixty (60) months |
| Class 7- GMAC | Impaired | Shall be paid the total value of their allowed secured claim, together with five percent (5%) interest, amortized over sixty (60) months |
| Class 8 – John Deere Credit | Impaired | Shall be paid the total value of their allowed secured claim, together with five percent (5%) interest, amortized over sixty (60) months |
| Class 9 – Mericap Credit Corporation | Impaired | Surrender Equipment in full satisfaction of the claim |
| Class 10—Kevin Roggen, Sr. | Impaired | Mr. Roggen shall be paid $2000.00 for Ten (10) years by the Debtor |
| Class 11 – General Unsecured Creditors | Impaired | Shall be paid ten percent (10%) of their total allowed claim in monthly payments (60) months |
| Class 12 – Equity Interest Holders of the Debtor | Unimpaired | Existing equity shall be cancelled and new equity shall be issued to the prior equity holders in exchange for a capital contribution of $40,000.00 |

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01   <u>Disputed Claim</u>.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02   <u>Delay of Distribution on a Disputed Claim</u>.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03   <u>Settlement of Disputed Claims</u>.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI
# PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01   <u>Assumed Executory Contracts and Unexpired Leases</u>.

(a)   The Debtor assumes the nonresidential property lease by and between Debtor and Kevin Roggen, Sr. effective upon the effective date of this Plan as provided in Article VII.

(b)   The Debtor assumes, in part, the lease by and between Debtor and Alltel upon the effective date of this Plan as provided in Article VII.

6.02   <u>Rejected Executory Contracts and Unexpired Leases</u>.

(a)   The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan. A Proof of Claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan, or rejecting the contract/lease, whichever is earlier.

# ARTICLE VII
# MEANS FOR IMPLEMENTATION OF THE PLAN

The Debtor has filed motions to value the secured creditors' claims pursuant to 11 U.S.C. §502. Upon a determination of the Court of the value of the secured portion of the claim, the

allowed claim will be bifurcated into a secured claim and a resulting unsecured claim. Debtor will retain the equipment and will continue to perform residential and commercial grading work. From the new earnings of the reorganized entity, Debtor will pay the total value of allowed secured claims, together with five percent (5%) interest to secured creditors over sixty (60) months at an amortized rate. Debtor will pay unsecured creditors ten percent (10%) of their allowed claim over sixty (60) months without interest. Christopher Brock, President of the Debtor shall pay $10,000.00 in exchange for a release of guaranteed claims and the equity security holders shall pay $40,000.00 to retain their equity.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01 <u>Definitions and Rules of Construction.</u> The definitions and rules of construction set forth in §§ 101 and 102 of the Code.

8.02 <u>Effective Date of Plan</u>. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03 <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04 <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05 <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06 <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07 <u>Corporate Governance</u>. Pursuant to § 1123(a)(6) of the Code, the Debtor, its officers and directors are prohibited from issuing nonvoting equity securities, and no class shall be given preference over another class of equity securities with respect to dividends. In the event of default, all dividends will be distributed evenly among equity security holders.

# ARTICLE IX
# RETENTION OF JURISDICTION

9.01. Notwithstanding the entry of the confirmation order and the occurrence of the effective date, until the reorganization case is closed, the Bankruptcy Court shall retain the fullest and most extensive jurisdiction of the reorganization case that is permitted by applicable law, including that necessary to ensure that the purposes and intent of the Plan are carried out.

# ARTICLE X
# DISCHARGE OF DEBTOR

10.01. Except as otherwise expressly provided in this Plan or in the confirmation order, the confirmation order shall operate as a discharge, pursuant to Section 1141(d) of the Bankruptcy Code, to the fullest extent permitted by applicable law, as of the effective date of the Plan, of any and all debts of, and claims of any nature whatsoever against the Debtor that arose at any time prior to the confirmation date, including any and all claims for principal and interest, whether accrued before, on or after the Petition Date.

**In exchange for the Christopher Brock's payment of $10,000.00 to the estate, Mr. Brock shall be released from the debts of the estate that he personally guaranteed.**

# ARTICLE XI
# OTHER PROVISIONS

A. **Modification of Plan**

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or re-voting on the Plan.

The Plan Proponent may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated; and (2) the Court authorizes the proposed modifications after notice and a hearing.

**B.     Final Decree**

Once the Estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Debtor or such other person as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final decree on its own motion.

                Southern Road Builders of Polk County, Inc.


                By:/s/ Christopher Brock
                    Christopher Brock, President